IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICKY LEE STRICKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-015 |
| | ) | |
| CORE CIVIC, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING THE COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names Core Civic as the only Defendant. (Doc. no. 1, p. 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. On September 26, 2022, Plaintiff was assaulted by another inmate and suffered a broken wrist, bruising, and swelling. (Id. at 4-5.) Plaintiff was escorted to medical, but no examination was performed despite visible swelling. (Id. at 4.) Plaintiff was then placed in segregation. (Id.) Eight weeks later, Plaintiff was examined by medical and was told nothing was

wrong with him.  (Id.)  Plaintiff wants to be examined by an orthopedic and requests monetary damages due to the anguish he has suffered at Core Civic.  (Id. at 5.)

B.  DISCUSSION

1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555,

557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Core Civic

Plaintiff names Core Civic, a private corporation operating at Wheeler, as the only Defendant.  (See doc. no. 1, p. 2.)  However, Plaintiff does not mention Core Civic in the statement of his claim other than requesting damages for the anguish he has suffered while at Wheeler.  (Id. at 5.)  As the Eleventh Circuit has explained, "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008); see also Iqbal, 556 U.S. at 678.  Plaintiff has failed to provide any detail concerning Defendant Core Civic's role in the complaint allegations.

Moreover, Defendant Core Civic cannot be held liable merely in light of its supervisory position as an employer and administrator of a state prison.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*).  Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See

Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory); see also Vick v. Core Civic, 329 F. Supp. 3d 426, 445 (M.D. Tenn. 2018) (finding Core Civic is a state actor under § 1983, but "[to] hold Core Civic liable, the Plaintiff cannot rely on the theory of respondeat superior or vicarious liability.").

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). "Therefore, to hold an employer such as Core Civic liable, Plaintiff must demonstrate that either Core Civic actually participated in the alleged constitutional violation or there is a causal connection between the actions of Core Civic and the alleged constitutional violation." Anderson v. Hall, No. 5:19-CV-6, 2020 WL 2896682, at *3 (S.D. Ga. May 29, 2020), *adopted by* 2020 WL 3406329 (S.D. Ga. June 19, 2020). Here, though he does expressly not say as much, Plaintiff appears to name Defendant Core Civic not because of the corporation's direct involvement in the events about which he complains, but by virtue of its role as an employer and administrator at Wheeler.

Therefore, Plaintiff must allege a causal connection between Defendant Core Civic and the asserted constitutional violations in order to hold it liable. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation); see also Ireland v. Prummell, No. 20-10539, 2022 WL 16912130, at *5 (11th Cir. Nov. 14, 2022) (explaining while private contractors at jails may be liable under § 1983, liability may not be premised on *respondeat superior*); Curtis

4

v. CoreCivic, Inc., No. CV 321-015, 2021 WL 4227065, at *3 (S.D. Ga. Sept. 16, 2021) ("[A] § 1983 plaintiff must also identify the private entity's policy or custom that led to the alleged constitutional violation.").

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread civil rights abuses by Defendant Core Civic at Wheeler Correctional Facility, (2) an improper custom or policy put in place by Defendant Core Civic, or (3) an inference Defendant Core Civic directed anyone to act, or knew that an individual would act, unlawfully. Indeed, as already explained above, Plaintiff does not mention Defendant Core Civic in his statement of the claim. Therefore, Defendant Core Civic should be dismissed from this case for failure to state a claim.

II.     **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint **DISMISSED** for failure to state a claim upon which relief may be granted.

SO REPORTED AND RECOMMENDED this 3rd day of May, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA